UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Philip Emiabata | : | Case No. 3:21-cv-776 (OAW) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| Kurt Westby | : | |
| Connecticut Department of Labor | : | AUGUST 31, 2022 |
| *Defendants* | : | |

## **RULING ON PLAINTIFFS' OBJECTION**

Plaintiff has objected to the recommended ruling issued by United States Magistrate Judge Farrish on his motion for leave to proceed *in forma pauperis*. *See* Obj., ECF No. 24. Plaintiff's March 25 response to the recommended ruling is past the court's deadline for submitting an objection, which was January 17, 2022. *See* Recommended Ruling, ECF No. 18. Plaintiff, however, argues that he has good cause for missing the deadline because at the time Judge Farrish issued his recommended ruling, Plaintiff was out of the country due to a death in the family. The court extends its deepest condolences regarding such loss. The court has reviewed Plaintiff's objections to Judge Farrish's recommended ruling and hereby **OVERRULES** the objections. The court will not vacate its January 31 order which adopted Judge Farrish's recommended ruling and allowed Plaintiff to proceed on a single claim under 42 U.S.C. §1983 for a violation of Plaintiff's due process rights under the Fourteenth Amendment. *See* Order, ECF No. 19.

The court's January 31 order instructed Plaintiff to file an amended complaint that reflects the single claim permitted in Judge Farrish's recommended ruling. *Id.*

Plaintiff responded to the order by filing a Motion for Leave to Amend the Complaint. Mot. for Leave, ECF No. 21. The motion includes an attachment labeled

1

"Plaintiff's First Amended Complaint." *Id.* at 4–6. The first amended complaint conforms to the court's order in that it seeks prospective injunctive relief to remedy a violation of Plaintiff's Fourteenth Amendment due process rights under Section 1983. *Id.* at 4. In addition to his Motion for Leave, Plaintiff also filed an "Amended Complaint." ECF No. 22. The court notes that this filing is in error as the "Amended Complaint" is an exact copy of Plaintiff's original complaint (ECF No.1), rather than the First Amended Complaint attached to the Motion for Leave. The court therefore **STRIKES** the "Amended Complaint" in its entirety. **The clerk is directed to note on the docket that entry [22] is stricken.**

**The court cannot docket Plaintiff's First Amended Complaint ("FAC"), which is attached to his Motion to Amend, because the FAC does not include a case caption. Plaintiff is instructed to correct and re-file his First Amended Complaint so that the first page of the FAC includes a case caption which lists: (1) the name of the plaintiff, (2) the names of the defendants, (3) the case number, and (4) the date of the First Amended Complaint. The court warns Plaintiff that his failure to correct the First Amended Complaint within ten (10) days of this order, may result in dismissal of the action.**

I. **BACKGROUND**

Plaintiff filed his complaint on June 7, 2021 against the Department of Labor and its then commissioner, Kurt Westby. Complaint, ECF No. 1. Plaintiff's original complaint sought relief for the failure to process and pay unemployment compensation for which he applied for on February 2, 2020. *Id.* at ¶ 2–8. Plaintiff filed his complaint with a motion for leave to proceed *in forma pauperis*, so that he may be excused from paying the court's

filing fee due to financial hardship.  Motion *In Forma Pauperis*, ECF No. 2.  Plaintiff's motion was twice deemed deficient by the court, resulting in a third motion for *in forma pauperis*.  *See* Order, ECF No. 7; Order, ECF No. 11.

After Plaintiff eventually filed a corrected motion (ECF No. 15), the court referred the motion to Judge Farrish for a recommended ruling.  ECF No. 16.  Judge Farrish recommended that the motion be granted and, after conducting an initial review of Plaintiff's complaint, His Honor also recommended that all claims be dismissed with the exception of a Section 1983 claim for a violation of Plaintiff's due process rights under the Fourteenth Amendment.  *See* Recommended Ruling ECF No. 18; Order, ECF No. 19.  Moreover, the complaint's relief should be limited to prospective injunctive relief.  Judge Farrish's recommended ruling further stated that "If Mr. Emiabata wishes to object to [the] recommendation, he must file that objection with the Clerk of the Court by January 17, 2022."  Recommended Ruling, ECF No. 18 at 25.

On January 31, after Plaintiff had failed to file an objection, the court adopted Judge Farrish's recommended ruling in its entirety.  Order, ECF No. 19.  The court instructed Plaintiff to file an amended complaint which seeks only prospective injunctive relief for a Fourteenth Amendment due process violation arising under Section 1983.  *Id.*  Plaintiff thereafter filed a Motion for Leave to Amend the Complaint, ECF No. 21, and an Amended Complaint.  ECF No. 22.  The motion for leave contains an attachment labeled "Plaintiff's First Amended Complaint."  This attachment conforms with the court's order in that Plaintiff seeks limited relief on a singular claim under Section 1983.  However, the "Amended Complaint," filed separately from the motion for leave, is an exact copy of Plaintiff's original complaint.

3

After filing his motion for leave and amended complaint, Plaintiff filed an objection to Judge Farrish's recommended ruling. Obj., ECF No. 24. Plaintiff's objection, filed on March 25, 2022, is more than 45 days after the January 17 deadline set by Judge Farrish. In the objection, Plaintiff asserts that there exists excusable neglect for his late filing because "Plaintiff was out of the country due to death in the family that is plaintiff brother, hence plaintiff was unable to file its objection in time." *Id.* at 1 (sic).

## II.  DISCUSSION

Plaintiff's objection to Judge Farrish's recommended ruling is, at times, difficult to follow. For example, sometimes it is unclear where Plaintiff's citations end and his arguments begin. *Id.* at 1–2.[1] The court hereby grants Plaintiff's request for a de novo review of Judge Farrish's recommended ruling, despite the late-filed objection. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Plaintiff's first basis for objection is that Judge Farrish improperly recommended dismissal of his claims without conducting any fact finding. Plaintiff relies on *Neitzke v. Williams*, 490 U.S. 319 (1989). However, *Neitzke* does not require district courts to conduct any fact-finding prior to an initial review of a complaint filed *in forma pauperis*. In that case, the Supreme Court addressed the issue of whether courts may automatically dismiss an *in forma pauperis* complaint as frivolous because the complaint fails to state a claim upon which relief can be granted. *See id.* at 319 (reviewing *in forma pauperis*

---

[1]   At the bottom of Page 1, Plaintiff writes: "Although in here the District Court has authority to dismiss an action for frivolousness under the statute of **section 1915,** here the district court have been afforded an objective standard…, this is one of the substantial differences between the petitioner and the responded in this case…an objective standard pursuant to which the District Court can determine whether factual allegations have an arguable basis and therefore are not frivolous, [.]" ECF No. 24.

statute before its revision specifically authorizing dismissal of a complaint for failure to state a claim). Neither *Neitzke* nor any other authority requires fact finding upon an initial review of a complaint filed *in forma pauperis*.

Plaintiff also claims that it was improper for Judge Farrish to dismiss his claims as frivolous without first providing an opportunity to amend the complaint. Obj., ECF No. 24 at 2. As an initial matter, the court notes that Judge Farrish recommended dismissing Plaintiff's six state law claims not because they were frivolous but, instead, because Plaintiff failed to state a claim. Judge Farrish explained that "the dismissed claims all fall afoul of well-established immunities." Recommended Ruling, ECF No. 18 at 24; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (permitting court to dismiss a complaint filed *in forma pauperis* if it "fails to state a claim on which relief may be granted"). Thus, the claims were not dismissed because they were frivolous. Rather, Plaintiff's claims failed to conform with established law.

The court agrees with the recommended ruling that providing Plaintiff an opportunity to amend his complaint would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (courts may deny an opportunity to amend if the amendment would be futile). There is no amendment that Plaintiff could make that would overcome the state's sovereign immunity under the Eleventh Amendment such that Plaintiff would be able to recover (1) monetary damages from the Department of Labor or its commissioner in his official capacity, (2) retroactive injunctive relief, or (3) prospective injunctive relief premised on state law.

The court does not find it necessary to rehash the same legal analysis of Eleventh Amendment immunity already outlined in Judge Farrish's well-reasoned recommended

ruling in which there is no error. The law is clear. No private citizen may sue a state government in federal court absent the state's consent or an express statutory waiver of sovereign immunity. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). Although Plaintiff has filed a lengthy objection, Plaintiff has not provided any arguments to suggest that the state's sovereign immunity is waived in the present action, or is otherwise inapplicable to his claims against the Department of Labor and its Commissioner. *See Patterson v. Connecticut Department of Labor Administrator*, No. 3:11-cv-1237 (JCH), 2012 WL 4484913, at *4 (D. Conn. Sept. 27, 2012) (claims against the Department of Labor and its commissioner are barred under the Eleventh Amendment). In fact, the only claims of error that Plaintiff asserts are with respect to (1) Judge Farrish's statements casting doubt as to whether Plaintiff lives in Connecticut; and (2) the court's prejudice against Plaintiff. Neither objection relates to the actual reasons for the dismissal of Plaintiff's claims — the Eleventh Amendment.

To the extent that Plaintiff claims that the court has treated him with racial prejudice, the court finds no such evidence for the baseless allegation. While some might argue that curt or overly concise court rulings do not afford litigants due consideration, Plaintiff suggests that the length of Judge Farrish's 25-page ruling is evidence of prejudice. To the contrary, the length of Judge Farrish's ruling merely reflects Plaintiff's 94-paragraph complaint involving six causes of action, and seeking both monetary and equitable relief against a state entity. The court also notes that it has been understanding in allowing Plaintiff repeated opportunities to fix his errors – to refile his motion to proceed

*in forma pauperis* (three times); to permit Plaintiff to proceed despite his demonstrated lack of candor as to his litigation history;[2] to hear this instant objection despite it being filed well after the court's deadline; and to allow Plaintiff to amend his complaint to include a claim that had not been pled.  Moreover, Judge Farrish's carefully-considered recommendation afforded Plaintiff well-articulated reasoning in support therefor.  Such deference to the law and to the dignity of the movant is not evidence of discrimination, but of its absence.  Plaintiff's claims of unfair treatment entirely are without merit, and do not require further discussion.

Plaintiff's objection hereby is **OVERRULED**.  The court will not vacate its decision dismissing Plaintiff's six state law claims in his original complaint.  Plaintiff may proceed on a Fourteenth Amendment claim to the extent the relief is limited to prospective injunctive relief.  **The court hereby orders Plaintiff to file his First Amended Complaint with a case caption within ten (10) days of this ruling, or else his case may be dismissed.**

**IT IS SO ORDERED.**  Signed this 31st day of August, 2022, at Hartford, Connecticut.

*/s/ Omar A. Williams*
Omar A. Williams
United States District Judge

---

[2] The court's *in forma pauperis* form requires a plaintiff to disclose prior litigation filed in federal court, and specifically states that "[a]ll prior cases must be listed."  ECF No. 9.  In his second *in forma pauperis* motion, Plaintiff disclosed only four cases when, in fact, a search of PACER revealed that Plaintiff had eighty-seven (87) federal cases.  Recommended Ruling at 5, ECF No. 11.  Plaintiff then corrected the error and submitted a third *in forma pauperis* motion which listed eighty-seven (87) of "Philip Emiabata's Federal Cases."  ECF No. 15 at p. 8.